IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WILLIAM ESCALANTE, RUBEN BRUNO, and LUIS ORLANDO ZHININ, Individually and on Behalf of All Others Similarly Situated,<br><br>     Plaintiffs,<br><br>-against-<br><br>FUNSAN K. CORP. d/b/a BEACON WINES & SPIRITS, KYONG SUK YI AS PERSONAL REPRESENTATIVE OF THE ESTATE OF CHI YOUNG CHUNG, DECEASED, KYONG SUK YI, and CHRISTOPHER RUDNEY, Jointly and Severally,<br><br>     Defendants. | 21-CV-00795 (VSB) |

**AFFIDAVIT OF BRENT E. PELTON IN SUPPORT OF PLAINTIFFS'
MOTION FOR APPROVAL OF FLSA SETTLEMENT**

I, Brent E. Pelton, declare as follows:

  1.  I am an attorney admitted before this Court. I am a member of the firm of Pelton Graham LLC ("Pelton Graham") in New York, New York, Plaintiff's Counsel herein.

  2.  I am one of the lawyers primarily responsible for the prosecution of the claims of Plaintiffs Willian Escalante, Ruben Bruno, and Luis Orlando Zhinin (the "Plaintiffs") against Defendants in the in the above-captioned action (hereinafter referred to as the "Action" or "Litigation").

  3.  I make these statements based on personal knowledge and would so testify if called as a witness at trial.

**Procedural History and Settlement of the Litigation**

4.  Plaintiffs initiated their claims against Defendants by sending Defendants a letter demand for back wages and draft complaint on August 24, 2020 (the "Demand Letter"). After several months of discussions regarding Plaintiffs' claims with counsel for Defendants, the Parties were unable to resolve the matter without formal litigation.

5.  Plaintiffs commenced this action by filing the Class & Collective Action Complaint in the Southern District of New York ("SDNY") on January 28, 2021. (Dkt. No. 1). Defendants filed an Answer on March 22, 2021 denying all material allegations. (Dkt. No. 18).

6.  On March 22, 2021, the Court issued an order referring the action to early mediation (the "Mediation Referral Order"). (Dkt. No. 16).

7.  Pursuant to the Mediation Referral Order, Richard Reice, Esq. was appointed to serve as mediator, and scheduled an initial mediation session to take place May 11, 2021. (Dkt. Entry Dated 04/13/21).

8.  The Mediation Referral Order required the parties to produce certain documents, including wage and hour discovery and damages calculations and, in the event that Defendants would assert financial difficulty to pay a settlement, Defendants' proof of financial condition. (Dkt. No. 16). Plaintiffs are not in possession of any documents setting forth their hours worked or wages paid and therefore Plaintiffs exchanged a damages computation spreadsheet based on Plaintiffs' best estimates, as well as an "Agreement of Settlement" that Defendants provided to Plaintiff Bruno in exchange for payment of $5,000.00. Prior to the May 11 mediation, Defendants did not produce any documents to Plaintiffs.

9.  In preparation for the May 11 mediation, my office created a damages analysis, which was based primarily upon Plaintiffs' best recollection of their hours worked and wages paid,

particularly cash wages, where appropriate. In total, Plaintiffs calculated $202,358.82 in damages[1], including $76,151.39 in unpaid wages, $15,000.00 in wage statement damages, $76,151.39 in liquidated damages, and $30,056.05 in prejudgment interest as of May 6, 2021, the date of Plaintiffs' mediation statement.

10. The parties attended the May 11 mediation but were unable to make substantial progress towards a resolution given the lack of document production by Defendants. However, the Parties agreed to an exchange of relevant wage and hour documents from Defendants and a further mediation session on May 24, 2021.

11. The second mediation session was held on May 24, 2022 but the Parties were unable to reach a resolution.

12. After the May 11 mediation, the Parties agreed to a Case Management Plan and Scheduling Order, which they filed with the Court on May 17, 2022. (Dkt. No. 21). Pursuant to the Case Management Plan, on June 11, 2022, Plaintiffs issued demands to Defendants for production of documents, first interrogatories and notices to admit. Defendants responded to Plaintiffs' Notices to Admit on June 28, 2021 and to the Interrogatories on July 15, 2021.

13. To permit the Parties additional time to hold depositions, on September 13, 2021, the Parties submit a joint request to extend the discovery deadlines (Dkt. No. 23), which was granted by the Court on September 14, 2021. (Dkt. No. 24). Due to additional scheduling conflicts, the Parties had to request a further extension of the discovery deadlines to permit depositions to be completed (Dkt. No. 27), which was granted by the Court on October 29, 2021. (Dkt. No. 28).

---

[1] These amounts exclude the damages for Plaintiff Zhinin.

14. On December 8, 2021, the Court held a status conference wherein the Parties discussed certain limited outstanding document discovery needed from Defendants, which the Court permitted the Parties to work out over the next 60 days. (Dkt. No. 31).

15. At the February 8, 2022 post-discovery conference, the Parties discussed the recent death of plaintiff Zhinin and the need to set a schedule for summary judgment briefing. (*See* Dkt. No. 33). Ultimately, despite our office's best efforts, letters of administration were not filed for Zhinin's estate and Zhinin was dismissed from the action. (*See* Dkt. Nos. 37, 38).

16. After Zhinin's dismissal, the Parties revisited their settlement negotiations for the Plaintiffs. Ultimately, in advance of the Parties' deadline to file their summary judgment motions, the Parties were able to reach a settlement in principle of Plaintiffs' claims.

17. Over the next several weeks, the Parties finalized and drafted the Settlement Agreement. A copy of the Parties' executed Settlement Agreement is attached hereto as **Exhibit A**.

18. As set forth in the Settlement Agreement, the Agreement, as well as the mediation proceedings, were translated into Spanish for the Plaintiffs by Belinda Herazo, whose Declaration detailing her translation work is attached hereto as **Exhibit B**.

**Plaintiff's Counsel's Fees and Costs**

19. To date, our firm's efforts in litigating and settling this action have been without compensation.

20. Plaintiffs agreed to Pelton Graham's fees of up to one-third (1/3) of the settlement fund and reimbursement for costs. Specifically, Plaintiffs agreed in their individually negotiated retainer agreements that Pelton Graham would recover up to one-third of the gross settlement, plus litigation costs.

21.     I graduated from Northwestern School of Law at Lewis and Clark College and have approximately twenty (20) of experience practicing within the Southern and Eastern Districts of New York and the New York State court system, and significant experience litigating Fair Labor Standards Act and New York Labor Law unpaid wages lawsuits, including serving as lead counsel on two (2) multi-plaintiff federal wage and hour jury trials. I am a member of the National Employment Lawyers Association ("NELA") and NELA's New York Chapter. I was nominated as a Super Lawyer – Rising Star for the New York Metro area in the practice area of Employment Litigation in 2013 and a Super Lawyer for the New York Metro area in 2014 through 2021. I am frequently contacted by the media and the press to discuss current employment law related issues, and I have been a panelist on several CLE seminars on the topic of employment litigation. I am also admitted to practice in the State of California. My hourly billable rate is $450.00.

22.     Taylor B. Graham is a partner with Pelton Graham and has been with the firm since May 2009. Mr. Graham received a J.D. from Fordham University School of Law in 2011, where he was an Irving R. Kaufman Scholarship recipient and earned the Archibald R. Murray Public Service Award. Mr. Graham was nominated as a Super Lawyer – Rising Star for the New York Metro Area in the area of Employment Litigation for 2016 through 2021 and is a member of NELA, NELA's New York Chapter, and the American Bar Association Labor and Employment Law Section. He has federal wage and hour multi-plaintiff trial and appellate experience. He is admitted to practice in the States of New York, New Jersey, and California, and the Southern, Eastern, Western, and Northern Districts of New York. Mr. Graham's hourly billable rate is $350.00.

23.     Joanne M. Albertsen is an associate with Pelton Graham who has worked for the firm since August 2013. Ms. Albertsen graduated from New York University School of Law in

5

2010 and is admitted to practice in the States of New York and Oregon and the Eastern and Southern Districts of New York. Ms. Albertsen clerked for two federal magistrate judges in New York after law school before joining Pelton Graham. Ms. Albertsen has been nominated as a Super Lawyer – Rising Star for the New York Metro Area in the area of Labor & Employment since 2017. Ms. Albertsen's hourly billable rate is $300.

24. Belinda Herazo is a bilingual paralegal with Pelton Graham who has worked for the firm since August 2013. Ms. Herazo is a licensed attorney in Colombia who practiced for nearly ten (10) years prior to coming to the United States. Ms. Herazo is a member of the New York Circle of Translators and the American Translators Association (ATA Member # 2744930) and is working toward her American Translators Association (ATA) certification. Ms. Herazo's hourly rate is $175.00.

25. Based on our firm's extensive experience in precisely this type of litigation and our thorough familiarity with the factual and legal issues in this case, we have reached the firm conclusion that the proposed Agreement is clearly in the best interests of the Plaintiff.

26. To date, we have spent approximately seventy-three (73) hours in prosecuting and settling this matter.

27. The hours reported are reasonable for a case of this complexity and were compiled from contemporaneous time records maintained by each attorney and paralegal participating in this case. A copy of Pelton Graham's contemporaneous time records for this matter are attached hereto as **Exhibit C** and a copy of Pelton Graham's record of litigation costs is attached as **Exhibit D**.

I declare under penalty of perjury, under 28 U.S.C.§ 1746, that the foregoing is true and correct.

Executed this 16th day of June, 2022
New York, New York

                                           */s/ Brent E. Pelton*
                                           Brent E. Pelton

                                           **PELTON GRAHAM LLC**
                                           111 Broadway, Suite 1503
                                           New York, NY 10006
                                           Telephone: (212) 385-9700
                                           Facsimile: (212) 385-0800
                                           Email: pelton@peltongraham.com

                                           *Attorneys for Plaintiffs*