UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
     :
WILLIAN ESCALANTE, et al.,     :
     :
                          Plaintiffs,  :
     :          21-CV-795 (VSB)
            -v-     :
     :          **ORDER**
     :
FUNSAN K. CORP., et al.,     :
     :
                          Defendants.  :
     :
------------------------------------------------------------X

VERNON S. BRODERICK, United States District Judge:

        The Court has been advised that the parties have reached a settlement in this Fair Labor Standards Act ("FLSA") case. (Doc. 39.) Parties may not privately settle FLSA claims absent the approval of the district court or the Department of Labor. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 200 (2d Cir. 2015); *Samake v. Thunder Lube, Inc.*, 24 F.4th 804, 807 (2d Cir. 2022). In the absence of Department of Labor approval, the parties must satisfy this Court that their settlement is "fair and reasonable." *Velasquez v. SAFI-G, Inc.*, No. 15-CV-3068, 2015 WL 5915843, at *1 (S.D.N.Y. Oct. 7, 2015). For the reasons stated herein, I find that the parties do not establish that the settlement agreement is fair and reasonable and therefore must reject it.

      **I.**     **Legal Standard**

        To determine whether a settlement is fair and reasonable under the FLSA, I "consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or

1

collusion." *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). "In addition, if attorneys' fees and costs are provided for in the settlement, district courts will also evaluate the reasonableness of the fees and costs." *Fisher v. SD Prot. Inc.*, 948 F.3d 593, 600 (2d Cir. 2020). In requesting attorneys' fees and costs, "[t]he fee applicant must submit adequate documentation supporting the [request]." *Id.* The Second Circuit has described a presumptively reasonable fee as one "that is sufficient to induce a capable attorney to undertake the representation of a meritorious civil rights case." *Restivo v. Hessemann*, 846 F.3d 547, 589 (2d Cir. 2017) (quoting *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 552 (2010)). A fee may not be reduced "merely because the fee would be disproportionate to the financial interest at stake in the litigation." *Fisher*, 948 F.3d at 602 (quoting *Kassim v. City of Schenectady*, 415 F.3d 246, 252 (2d Cir. 2005)). "When a district court concludes that a proposed settlement in a FLSA case is unreasonable in whole or in part, it cannot simply rewrite the agreement, but it must instead reject the agreement or provide the parties an opportunity to revise it." *Id.* at 597.

## II. Discussion

Pursuant to my Order of May 26, 2022, (Doc. 40), the parties submitted a letter detailing why they believe the settlement reached in this action and the contemplated attorneys' fees are fair and reasonable, (Doc. 41 ("Settlement Ltr.")). I have independently reviewed the settlement agreement (the "Agreement") and the supporting evidence in order to determine whether the terms of the settlement agreement are fair, reasonable, and adequate. I find that the parties do not sufficiently establish that the settlement amount is fair and reasonable, and I therefore cannot approve their Agreement.

### A. Settlement Amount

The Agreement provides for the distribution to Plaintiffs of $30,000, inclusive of attorneys' fees and expenses. (Doc. 42-1 ("Settlement Agmt.") § 4.) When seeking approval of a FLSA

settlement, the plaintiff "must supply calculation addressing all possible sources of a plaintiff's potential damages." *Leonardo v. Reza Fast Food, Inc.*, No. 20-CV-8879 (VSB), 2022 WL 2440975, at *2 (S.D.N.Y. July 5, 2022). If the settlement agreement applies to multiple plaintiffs, the plaintiffs must provide an estimation of each plaintiff's calculated damages and the amount each plaintiff would receive under the settlement agreement. *See id.* at *3 (denying settlement agreement, in part, because "the parties do not provide an estimation of each [p]laintiff's damages" or the amount of the total damages each plaintiff would receive); *Calderon v. CJS Wholesalers*, No. 17 CV. 6154 (HBP), 2019 WL 289969, at *1 (S.D.N.Y. Jan. 23, 2019) (referencing the Court's earlier denial of the settlement agreement because it failed to specify each plaintiff's claimed damages and share of the settlement amount).

Here, counsel represents that Plaintiffs believe they are entitled to $202,358.82 in damages, which includes "$76,151.39 in unpaid wages, $15,000.00 in wage statement damages, $76,151.39 in liquidated damages, and $30,056.05 in prejudgment interest as of May 6, 2021, the date of Plaintiffs' mediation statement." (Settlement Ltr. 3.) This calculation does not establish each Plaintiff's claimed damages or what portion of the settlement amount, not inclusive of attorneys' fees, each Plaintiff would receive. If Plaintiffs seek further settlement approval, they must provide information about each Plaintiff's total possible damages and how much each Plaintiff is ultimately receiving under the settlement agreement. Plaintiffs should also detail with greater specificity Plaintiff Ruben Bruno's contentions regarding his entrance into the Agreement, including the payment of $5,000 he received in exchange for his consent to the Agreement and its impact on the percentage of the total settlement amount each Plaintiff will receive and the total possible amount of damages to which each Plaintiff claims he is entitled. (*See id.* at 4.)

3

### B.   *Remaining Provisions*

For the sake of efficiency, I have reviewed the remainder of the terms in the Agreement and they appear to be fair and reasonable. In particular, the release provision is not overbroad because it applies only to the claims at issue in this action that occurred before execution of the Agreement and the non-disparagement clause includes a carve-out for truthful statements.

#### 1.  Release Provision

"In FLSA cases, courts in this District routinely reject release provisions that 'waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues.'" *Gurung v. White Way Threading LLC*, 226 F. Supp. 3d 226, 228 (S.D.N.Y. 2016) (quoting *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 181 (S.D.N.Y. 2015)). Moreover, "[i]n the context of an FLSA case in which the Court has an obligation to police unequal bargaining power between employees and employers, such broad releases are doubly problematic." *Martinez v. Gulluoglu LLC*, No. 15 Civ. 2727 (PAE), 2016 WL 206474, at *2 (S.D.N.Y. Jan. 15, 2016) (quoting *Camacho v. Ess-A-Bagel, Inc.*, No. 14-cv-2592 (LAK), 2014 WL 6985633, at *4 (S.D.N.Y. Dec. 11, 2014)). For this reason, "[a] number of judges in this District refuse to approve any FLSA settlement unless the release provisions are 'limited to the claims at issue in this action.'" *Cionca v. Interactive Realty, LLC*, No. 15-CV-5123 (BCM), 2016 WL 3440554, at *3 (S.D.N.Y. June 10, 2016) (quoting *Lazaro-Garcia v. Sengupta Food Servs.*, No. 15-CV-4259 (RA), 2015 WL 9162701, at *2 (S.D.N.Y. Dec. 15, 2015)).

Here, the "Wage and Hour Release by Plaintiffs" provides that Plaintiffs release Defendants and their related entities from any and all claims that arise from wage and hour disputes pursuant to the FLSA or the New York Labor Law ("NYLL") as of the date of the Agreement. (Settlement Agmt. § 5.) Because the provision only releases Plaintiffs' FLSA and NYLL claims that could have

occurred before the execution of the Agreement, I find the release provision in the Agreement to be fair and reasonable.

### 2. Non-Disparagement Clause

Courts in this district refuse to approve settlement agreements that contain non-disparagement provisions that do not create an exception for truthful statements about the litigation or settlement. *Baikin v. Leadership Sheet Metal, Inc.*, No. 16 Civ. 8194 (ER), 2017 WL 1025991, at *1 (S.D.N.Y. Mar. 13, 2017) (refusing to approve settlement that contained non-disparagement provision without a truthful statements carve-out). The Agreement's "Mutual Non-Disparagement" provision prohibits the parties from disparaging the other party, but states that it shall not preclude the parties from "truthfully communicating their experiences concerning" the case or the settlement. (Settlement Agmt. § 10.) Since the provision allows the parties to speak truthfully about the case and the settlement, I find that it is fair and reasonable.

### 3. Remaining Provisions

Finally, the Agreement does not contain any confidentiality provision that would restrict Plaintiffs' ability to discuss the settlement, nor does it contain any bar on Plaintiffs' employment. I find the absence of these provisions fair and reasonable.

### C. *Attorneys' Fees*

I next consider the fairness of the attorneys' fees in the Agreement. A district court in this Circuit may use its discretion to calculate attorneys' fees using either the lodestar method or the percentage of the fund method. *See McDaniel v. County of Schenectady*, 595 F.3d 411, 417 (2d Cir. 2010). "[C]ourts in the Second Circuit routinely award attorney's fees in FLSA settlements of one-third the total recovery." *Zorn-Hill v. A2B Taxi LLC*, Case No. 19-CV-1058 (KMK), 2020 WL 5578357, at *6 (S.D.N.Y. Sept. 17, 2020); *see also Pinzon*, 2018 WL 2371737, at *3 ("When using a 'percentage of the fund' approach, 'courts regularly approve attorney's fees of one-third of the

5

settlement amount in FLSA cases.'" (quoting *Meza v. 317 Amsterdam Corp.*, No. 14-CV-9007 (VSB), 2015 WL 9161791, at *2 (S.D.N.Y. Dec. 14, 2015)). Additionally, "[c]ourts regularly award lodestar multipliers from two to six times lodestar." *Johnson v. Brennan*, No. 10 Civ. 4712(CM), 2011 WL 4357376, at *20 (S.D.N.Y. Sept. 16, 2011); *see also Beckman v. KeyBank, N.A.*, 293 F.R.D. 467, 481– 82 (S.D.N.Y. 2013) (awarding "approximately 6.3 times" the lodestar and stating "[c]ourts regularly award lodestar multipliers of up to eight times the lodestar").

The Agreement provides attorneys' fees in the amount of $9,090.60, which is approximately one-third of the $30,000 settlement amount. (Settlement Agmt. § 7.) Plaintiffs submit detailed billing records in support of their request that I approve the Agreement. (Doc. 42-3.) Plaintiffs' attorneys billed a total of 131.88 hours on this matter at hourly rates ranging between $175 and $450, which equates to a maximum lodestar of $59,346. (*Id.*) It is clear that Plaintiffs' counsel have expended time on at least the following: producing and exchanging discovery, preparing for and attending depositions, investigating and researching Plaintiffs' claims, appearing at two mediation sessions, and negotiating and executing the settlement. (*See id.*) Thus, under the percentage of the fund method, the Agreement's award of attorneys' fees of about one-third of the gross settlement amount is reasonable. Alternatively, the attorneys' fees amount is significantly less than the lodestar. Under either method of analysis, I find the attorneys' fees contemplated in the Agreement to be fair and reasonable.

### III.     Conclusion

For the reasons stated above, I find that the Agreement is not fair and reasonable. It is thus REJECTED. The parties may proceed by either:

1. Filing a revised settlement agreement within twenty-one (21) days of the date of this Order along with a new letter that explains why the revised settlement is fair and reasonable and addresses the issues identified in this Order; or

2. Filing a joint letter within twenty-one (21) days of the date of this Order that indicates the parties' intention to abandon settlement, at which point I will set a date for a status conference.

SO ORDERED.

Dated: August 2, 2022
       New York, New York

Vernon S. Broderick
United States District Judge